UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ANDREW LEE REINHARDT, | Case No. 21-CV-2158 (NEB/LIB) |
| Plaintiff, | |
| v. | ORDER ON MOTION TO DISMISS |
| RENT-A-CENTER WEST, INC. and GET IT NOW, LLC, both d/b/a HOME CHOICE, | |
| Defendants. | |

This case involves the attempted repossession of a mattress and box spring after Andrew Reinhardt declared bankruptcy under Title 11. Defendants (collectively, "Home Choice") move to dismiss this action under Rule 12(b)(1) of the Federal Rules of Civil Procedure without prejudice, and in the alternative, request referral of the matter to the bankruptcy court. For the reasons discussed below, the Court grants the request to refer and dismisses the state court action without prejudice.

## BACKGROUND[1]

Reinhardt bought a mattress and box spring from Home Choice under a payment plan. (ECF No. 1 ("Compl.") ¶ 6.) He fell behind on his payments, and Home Choice sued

---

[1] At this stage in the litigation, the Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009).

Reinhardt in state court for the outstanding balance. (*Id.* ¶¶ 7–8.) The state court stayed judgment on conditions, including that Reinhardt make regular payments. (*Id.* ¶ 9.) He again stopped making payments and soon thereafter filed for bankruptcy. (*Id.* ¶¶ 11–12.) As Reinhardt's creditor, Home Choice received notice of his bankruptcy. (*Id.* ¶¶ 12–13, 17.)

Despite receiving this notice, within a month of the bankruptcy filing, Home Choice attempted to repossess the mattress and box spring from Reinhardt's home. (*Id.* ¶ 14.) Reinhardt was not home, and his mother did not allow the repossession. (*Id.* ¶¶ 15–16.)

Reinhardt sued Home Choice in this Court for an automatic stay violation under 11 U.S.C. Section 362 ("Section 362") and a state law invasion of privacy. (*Id.* ¶¶ 23–36.) Home Choice now moves to dismiss Reinhardt's claims without prejudice, and in the alternative, asks this Court to refer the case to the bankruptcy court. (ECF No. 6; ECF No. 17 at 6.) The Court grants Home Choice's request to refer the stay violation claim and dismisses the state law claim because there is no separate federal jurisdiction for it.

## ANALYSIS

### I.    Legal Standard

District courts have jurisdiction to hear civil proceedings arising under the bankruptcy code, but bankruptcy courts may also "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11."

28 U.S.C. § 157(b)(1). To this end, district courts may refer cases arising under title 11 to the district's bankruptcy judges. 28 U.S.C. § 157(a). Under this court's local rules, "[a]ll bankruptcy cases and proceedings . . . are referred to the bankruptcy judges and shall be assigned among them according to orders made by them."[2] Bankr. D. Minn. R. 1070–1.

## II.     Automatic-Stay Claim

The bankruptcy court is the proper court for Reinhardt's Section 362(k) claim. In multiple cases, courts in this district have held that such a claim should be referred to the bankruptcy court. *See, e.g., Carnes v. IndyMac Mortg. Servs.*, No. 10-CV-3005 (RHK/SRN), 2010 WL 5276987, at *4 (D. Minn. Dec. 17, 2010) (finding that the § 362(k) claim "should be brought in Bankruptcy Court rather than this Court"); *Ritchie Cap. Mgmt., L.L.C. v. JPMorgan Chase & Co.*, No. 14-CV-4786 (DWF/FLN), 2015 WL 12540194, at *4 (D. Minn. July 2, 2015) (concluding that referral of bankruptcy-related claims to bankruptcy court was appropriate).

In arguing against a bankruptcy court referral, Reinhardt agrees the referral is in the discretion of this Court. (ECF No. 14 ("Pl. Br.") at 1, 3, 7.) His argument is that at times, when complaints include Section 362(k) claims and additional counts, courts in this

---

[2] In addition to its request to refer this matter to bankruptcy court, Home Choice moves to dismiss Reinhardt's claims under Rule 12(b)(1) for lack of subject matter jurisdiction. Contrary to Home Choice's argument, this Court does not lack subject matter jurisdiction. *See, e.g., Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 481 (4th Cir. 2015) ("In no circumstance, however, did [Congress] . . . give a bankruptcy court jurisdiction [of Section 362(k) claims] *to the exclusion* of a district court.") (emphasis in original).

district have retained jurisdiction, rather than refer the Section 362(k) claim. One such instance is *Barton v. Ocwen Loan Servicing LLC*, No. 12-CV-162 (MJD/JJG), 2012 WL 4449860 (D. Minn. Sept. 26, 2012). (*Id.* at 3–4.) *Barton* is distinguishable because the plaintiff there brought multiple substantive federal claims of action. Due to the federal claims at issue, the court had good cause to retain jurisdiction over the Section 362(k) claim. *Id.* at *9. Reinhardt claims that his pendent state law claim for invasion of privacy is similar and that this Court should retain jurisdiction to keep the claims together. (Pl. Br. at 4.) The difference is stark—Reinhardt's additional claim is not federal, and it is only in this Court under supplemental jurisdiction.

Additional cases cited by Reinhardt are similarly unpersuasive.[3] (*Id.*) For example, in *Gaia Leasing LLC v. Wendelta, Inc.*, the court concluded referral to the bankruptcy court was not necessary because the dispute arose "outside of the bankruptcy proceeding." No. 09-CV-1067 (DSD/FLN), 2009 WL 4810685, at *5 (D. Minn. Dec. 11, 2009). No such argument has been made here.

---

[3] In addition to cases from this district, Reinhardt cites cases from sister circuits on the issue of whether the district court has jurisdiction in the first place. (Pl. Br. at 5–6.) Reinhardt correctly argues that the Court *has* jurisdiction over this action—the question is whether to exercise it. *See, e.g., Just. Cometh, Ltd. v. Lambert*, 426 F.3d 1342, 1343 (11th Cir. 2005) (holding district courts do not lack subject matter jurisdiction over bankruptcy matters but may refer these matters to bankruptcy court); *Potter v. Newkirk*, 802 F. App'x 696, 700 (3d Cir. 2020) (same); *Houck*, 791 F.3d at 481 (same); *Price v. Rochford*, 947 F.2d 829, 831 (7th Cir. 1991) (holding § 362(h) claims can be enforced outside of bankruptcy courts even if bankruptcy judges are "best suited to hear claims that [a] stay has been violated . . .").

Similarly, in *DuBois v. Ford Motor Credit Co.*, the court kept the case, but the facts and law again were vastly different. No. 00-CV-1446 (PAM/SRN), 2001 WL 423057 (D. Minn. Jan. 19, 2001). There, the bankruptcy case was closed more than four years before. *Id.* at *1. In addition, the plaintiff's bankruptcy-related claim was coupled with a Fair Debt Collection Practice Act claim, which was the subject of a class certification motion. *Id.* There are almost no similarities to this case.

As a last argument, Reinhardt cites judicial efficiency, in part because of his jury trial demand. Even assuming a jury trial right existed on a Section 362(k) claim, referral "in no way impairs Plaintiffs' ability to have a jury trial before the district court." *Ritchie Cap.*, 2015 WL 12540194, at *4; *In re Petters*, 440 B.R. 805 (Bankr. D. Minn. 2010). A judicial efficiency argument cannot overcome the obvious reasons for referral in this case.

### III.     Supplemental Jurisdiction

As to the state law invasion of privacy claim, the Court's jurisdiction exists solely by virtue of the supplemental jurisdiction statute. 28 U.S.C. § 1367. The exercise of supplemental jurisdiction is discretionary if the Court has dismissed all claims over which it has original jurisdiction. *Id.* The Court declines to exercise supplemental jurisdiction over Reinhardt's invasion of privacy claim.

### CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The request to refer this case to the bankruptcy court (ECF No. 17) is GRANTED, and the Clerk of Court shall make the referral;

2. Defendants' motion to dismiss (ECF No. 6) is DENIED AS MOOT; and

3. Because the Court declines to exercise supplemental jurisdiction over Reinhardt's state law claim, Count II (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

Dated: January 18, 2022      BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge